ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2019 FEB 26 PM 1: 23

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0585-18** |
| **vs.** | |
| **PHILLIP VINCENT CASO,**<br>DOB: 05/27/1964 | **DECISION AND ORDER**<br>(People's Motion in Limine to Exclude) |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola upon the People of Guam's ("People") Motion in Limine to Exclude Prior Conviction. Assistant Attorney General Matthew A. Phelps appeared for the People of Guam ("People"). Attorney John Morrison represents Defendant Phillip Vincent Caso ("Defendant"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court issues this Decision and Order **DENYING** the Defendant's Motion.

## BACKGROUND

On October 5, 2018, a Grand Jury returned an Indictment charging Defendant with Delivery of a Schedule II Controlled Substance (As a First Degree Felony) and Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Indictment (Oct. 5, 2018). On February 25, 2019, during a break from jury selection, Defense Counsel informed the Court of his intention to impeach the People's witness Cheryl Lynn Brewer ("Brewer") by introducing evidence of her past convictions pursuant to Guam Rule of Evidence 609. During the morning of February 26, 2019, again during a break from jury selection, the People noted that two of Brewer's felony convictions may be used to impeach her, but made an oral motion to exclude any testimony

relating to Brewer's conviction of Misdemeanor Theft, arguing that such evidence is not permissible under Rule 609. The Court ruled from the bench **DENYING** the People's motion and holding that Defendant may introduce evidence of Brewer's conviction of Theft to impeach her credibility. This Decision and Order follows, memorializing the Court's earlier decision from the bench.

## DISCUSSION

Guam Rule of Evidence 609 provides in part:

"[E]vidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."

The question before the Court is whether Brewer's past misdemeanor conviction is a crime which "involved dishonesty."

On July 25, 2014, Brewer pleaded guilty to Retail Theft (As a Misdemeanor) in CM0322-14 and CM0918-13. The allegations in the two cases involve Brewer unlawfully taking merchandise from Macy's Department Store and NCS Market.

Shoplifting involves cheating or stealing, that is, dishonest conduct, and such conduct reflects adversely on the veracity of the shoplifter. "We conclude that taking another's property by theft, including shoplifting, or by robbery involves dishonesty and that these crimes are per se admissible for impeachment purposes..." State v. Brown, 113 Wash. 2d 520, 552–53, (1989), opinion corrected, 787 P.2d 906 (Wash. 1990). The Court hereby finds that Brewer's conviction for Retail Theft (As a Misdemeanor) involves a crime of dishonesty, and the Defendant may properly impeach her with evidence of such conviction.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the People's Motion to Exclude is hereby **DENIED.**

SO ORDERED 2/26/19

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of
Date: 2/26/19 Time:
Deputy Clerk of the Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam